UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHERYL LOUISE MARCHESE,

     Plaintiff,

v.                                     Case No. 3:18cv545-RV-CJK

ESCAMBIA COUNTY
CORRECTIONS, et al.,

     Defendants.

_____/

<u>REPORT AND RECOMMENDATION</u>

This matter is before the court on plaintiff's amended civil rights complaint. (Doc. 7). Upon review of the complaint, the undersigned concludes this case should be dismissed as malicious for plaintiff's abuse of the judicial process.

Plaintiff is currently confined at Florida State Hospital in Chattahoochee, Florida. The amended complaint names "Escambia County Corrections" and 10 Escambia County correctional officers as defendants. The complaint alleges that, when plaintiff was a detainee at the Escambia County Jail, the defendants failed to provide prompt and adequate assistance after another detainee threw feces on plaintiff.

The *in forma pauperis* statute, 28 U.S.C. § 1915, requires the court to dismiss this case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a

claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Pages 3 and 4 of the civil rights complaint form, Section IV(D), Previous Lawsuits, ask: (1) "Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?"; (2) "Have you initiated other actions . . . in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?"; and (3) "Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service?" (Doc. 7, p. 3, 5). The form requires plaintiff to identify and describe any cases responsive to the questions.

In response to the questions, plaintiff disclosed one federal case she indicated dealt with similar issues to the instant action, *Marchese v. Escambia Cty. Sheriff's Dep't*, N.D. Fla. Case No. 3:15cv215-MCR-EMT. At the end of the complaint, plaintiff signed her name after the following statement: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**" (*Id.*, p. 11). Thus, plaintiff has in effect stated that at the time she

filed the amended complaint, she had not had any federal cases dismissed as frivolous, malicious, failing to state a claim, or before service, and had not filed any cases related to her incarceration. The amended complaint was signed and submitted to prison officials for mailing on May 3, 2018.

As a matter of course, the court attempts to make an independent investigation into whether litigants truthfully complete the complaint forms, especially when a lack of candor in informing the court of prior lawsuits may affect the court's jurisdiction. In light of 28 U.S.C. § 1915(g),[1] the court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable.

The court may take judicial notice that at the time plaintiff filed her amended complaint in this case, she had filed at least three cases requiring disclosure: *Marchese v. State Hosp.*, N.D. Fla. Case No. 4:18cv54-RH-CAS, Doc. 1, p. 9 (case filed on January 23, 2018, seeking monetary damages based on allegations plaintiff was being held at Florida State Hospital in violation of the constitution*); Marchese v. Florida State Hosp.*, N.D. Fla. Case No. 4:18cv116-MW-CAS, Docs. 6, 8 (case

---

[1] Section 1915(g) provides that "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," the prisoner may not bring an action *in forma pauperis* unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

filed on February 27, 2018, seeking monetary damages based on allegations plaintiff was being held at Florida State Hospital in violation of the constitution); *Marchese v. First Judicial Circuit Court Escambia Cty.*, N.D. Fla. Case No. 3:18cv94-MCR-CJK, Doc. 19 (Apr. 18, 2018) (case dismissed for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii)).  Plaintiff did not disclose these prior federal actions despite the complaint form's clear instructions.

The court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse her from conforming to acceptable standards in approaching the court.  If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice.  The court will not tolerate false responses or statements in any pleading or motion filed before it.  Here, plaintiff falsely responded to questions on the complaint form, as detailed above.  Plaintiff knew from reading the complaint form that disclosure of all prior civil cases was required.  The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL."[2]  (Doc. 7, p. 3).  If plaintiff suffered no penalty for her untruthful responses, there would be little or no disincentive for her attempt to evade or undermine the purpose of the

---

[2] Plaintiff did not indicate she was unsure about her litigation history.

form.  The court should not allow plaintiff's false responses to go unpunished.  An appropriate sanction for plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice.  *See Bratton v. Secretary*, No. 2:10cv517-FtM-29DNF, 2012 WL 2913171 (M.D. Fla. July 16, 2012) (dismissing case without prejudice where prisoner failed to disclose one prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, 5:08cv300-RS-EMT, 2010 WL 1380247 (N.D. Fla. Mar. 3, 2010) (dismissing case without prejudice where prisoner failed to disclose one prior federal case).

Accordingly, it is respectfully RECOMMENDED:

1.    That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious for plaintiff's abuse of the judicial process.

2.    That the clerk be directed to close the file.

At Pensacola, Florida, this 21st day of September, 2018.


/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.